
FILED
APR 0 9 2010
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DAVID BOSCHEE, | \* | CIV 09-4135 |
| | \* | CR 07-40014 |
| Movant, | \* | |
| -vs- | \* | ORDER |
| UNITED STATES OF AMERICA, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, David Boschee, pleaded guilty to using the internet to entice a child to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b) and SDCL 22/22-1(5) and 22-22-7. He is currently serving a sentence of 144 months imprisonment on that charge. Petitioner filed a Motion to Vacate, Correct or Set Aside Sentence, pursuant to 28 U.S.C. § 2255, claiming prosecutorial misconduct, ineffective assistance of counsel at various stages of his case, and judicial error. Petitioner's numerous claims are set forth in his eighty-seven page habeas petition, which includes attachments. The government's answer was filed on March 12, 2010. Petitioner has filed a motion for a copy of his sentencing transcript, doc. 9, a motion for appointment of counsel, doc. 12, and a motion to preclude the government from speaking to Petitioner's former lawyer until new counsel is appointed, doc. 13.

While a defendant does not have a constitutional right to a free transcript in a § 2255 proceeding, he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issue presented in his case. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 325-27 (1976). In its Brief in Support of Government's Response to Defendant's Motion, doc. 25, the government frequently cites to the transcript of Petitioner's sentencing hearing. Thus the Court finds that the transcript is necessary to decide non-frivolous issues presented in the § 2255 Petition. The Court has already recognized Petitioner's lack of financial resources when counsel was appointed in the underlying criminal case

because Petitioner was unable to pay. The motion for a copy of the sentencing transcript will be granted.

Petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000); *see also* 18 U.S.C. § 3006A(a)(2)(B) ([w]henever ... the court determines that the interests of justice so require, representation *may* be provided in a § 2255 proceeding) (emphasis added). The Petitioner has demonstrated the ability to articulate his claims. The Court will deny the motion for appointment of counsel without prejudice. Petitioner will receive copy of the sentencing transcript. After Petitioner has had an opportunity to review the transcript, he will be allowed to reply to the government's response. In his reply, if Petitioner explains how he believes counsel would assist him with his claims, the Court will re-evaluate the merits of Petitioner's motion for appointment of counsel at that time.

When a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to communications with his allegedly ineffective lawyer. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). Thus the Court will deny Petitioner's motion to preclude the government from speaking to his former lawyer. Accordingly,

IT IS ORDERED:

(1) That the motion for a copy of sentencing transcript, doc. 9, is granted;

(2) That the motion for appointment of counsel, doc. 12, is denied without prejudice;

(3) That the motion to preclude the government from speaking to Petitioner's former lawyer, doc. 13, is denied;

(4) That Petitioner may submit a reply to the government's answer within thirty days after he receives a copy of the sentencing transcript.

Dated this 9th day of April, 2010.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahl
(SEAL)    DEPUTY