

FILED

MAR 2 7 2013

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DAVID BOSCHEE, | CIV 09-4135 |
|  | CR 07-40014 |
| Movant, |  |
|  |  |
| -vs- | MEMORANDUM OPINION AND |
|  | ORDER DENYING MOTION |
| UNITED STATES OF AMERICA, |  |
|  |  |
| Respondent. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

David Boschee ("Boschee") has filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the following reasons the motion will be denied.

## BACKGROUND

On February 14, 2007, Boschee was indicted in Count 1 for travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), and in Count 2 for using the internet to entice a minor to engage in unlawful sexual activity in violation of 18 U.S.C. §§ 2422(b).[1] Count 2 of the Indictment states:

> On or about September 29, 2006, in the State and District of South Dakota, by using the mail, and facilities of and means of interstate commerce (namely, the Internet), the defendant, David Boschee, did knowingly and intentionally persuade, induce, entice, and coerce a minor, who had not yet attained the age of 18, to engage in sexual activity for which the defendant could be charged with a criminal offense, namely,

---

[1] That statute provides:

Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life. 18 U.S.C.A. § 2422(b).

criminal sexual conduct in violation of South Dakota Codified Law §§ 22-22-1(5) and 22-22-7, all in violation of 18 U.S.C. § 2422(b).

(Doc. 14, CR 07-40014.)  On February 22, 2008, four days before his trial was to begin, Boschee entered a plea of guilty to Count 2,  which carried a mandatory minimum sentence of 10 years in prison and a maximum sentence of life in prison. Boschee admitted that during June of 2006, he met a minor over the internet and began engaging in conversations with her via email and instant message "chat." He was 37 years old and he knew the minor was 15 years old. Boschee also conceded that he knowingly and intentionally persuaded the minor, using the internet, to meet with him at a Sioux Falls, South Dakota hotel to engage in sexual activity which he knew could result in criminal charges against him.[2] The minor met him at the hotel and, between September 29 and October 1, 2006, they engaged in a variety of sexual acts, including sexual intercourse.

In the presentence investigation report ("PSR"), a number of sentencing enhancements were applied, resulting in a total offense level of 43, which equals a guideline sentence of life even with Boschee's criminal history category of I. A sentencing hearing was held over the course of three days in August of 2008 during which five witnesses testified (including Boschee and the minor victim), numerous exhibits were received, and the Court heard arguments from the parties. The Court ruled that the base offense level, originally calculated to be 30, should be 24. The four-level enhancement for use of force or threat was found not to apply. Boschee was given a two-level reduction for acceptance of responsibility. A total offense level of 31 rather than 43 was reached. With a criminal history category of I, the guideline range was 108 to 135 months instead of life. After discussing the factors of 18 U.S.C. § 3553(a), the Court varied above the advisory guideline range by 9 months for a number of reasons. First, the Court was concerned about comments in the PSR and in the psychological evaluation which indicated that Boschee would be difficult to counsel, even though he was only a low to moderate risk to reoffend. Second, the Court found that a higher sentence more accurately reflected the seriousness of the offense, noting that additional criminal charges could have

_____

[2]Under South Dakota law, it is statutory rape for a person sixteen years or older to have sexual contact with a person under the age of sixteen. *See* SDCL §§ 22-22-1(5) and 22-22-7.

been brought against Boschee. Boschee was sentenced to 144 months imprisonment and five years supervised release. He did not appeal his sentence to the Eighth Circuit.

The grounds raised by Boschee in the § 2255 motion are: 1) ineffective assistance of counsel; 2) prosecutorial misconduct; and 3) judicial error.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. The right of collateral review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Therefore, § 2255 actions are limited by the preclusive effect of decisions resulting from prior direct appellate review and by the doctrine of procedural default. Claims which have been raised and decided on direct appeal are precluded from further litigation under § 2255. *See United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated ...."). On the other hand, under the doctrine of procedural default, issues that could have been but were not raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence. *See United States v. Bailey*, 235 F.3d 1069, 1071-72 (8th Cir. 2000). Moreover, alleged errors that are non-jurisdictional or non-constitutional cannot be raised in a § 2255 if those issues were not raised in a direct appeal, even if cause and prejudice are shown. *See Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).

The government argues that Boschee procedurally defaulted all of his claims other than those for ineffective assistance of counsel because he has not established cause and prejudice, and he has

failed to establish factual innocence.[3]  In response, Boschee asserts that, initially, he did not intend to appeal his sentence to the Eighth Circuit, but he changed his mind within the time limit for appeal and attempted to get legal help, but failed.  The Court notes that the last day of Boschee's sentencing hearing was August 21, 2008, and his lawyer, John Schlimgen, was sworn in as a Magistrate Judge for the Second Judicial Circuit on August 25, 2008.  Boschee explains:

> In order to meet his swearing in, my sentencing was bumped up, and I was given one day to decide to appeal.  And while I did, apparently, initially waive my right, I attempted to rescind that waiver within the ten-day limit by contacting the legal aid resource at the South Dakota State Penitentiary where I was being held at the time.  Unfortunately, the attorney didn't respond in time . . . .

(Doc. 44, Reply Brief, at p. 6-7.)  Assuming this is sufficient reason to excuse Boschee's procedural default, the following discussion shows that his claims fail on the merits.[4]  In addressing the merits, the Court is mindful that prisoner *pro se* pleadings must be given the benefit of liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed").

## A.    Ineffective Assistance of Counsel

A defendant who claims to have been deprived of effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  For the first requirement of the *Strickland* test, "the court must apply an objective standard and 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance' *Strickland*, 466 U.S.

---

[3]Ineffective assistance of counsel claims should be brought in 28 U.S.C. § 2255 proceedings rather than on direct appeal because they usually involve facts outside the record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).

[4]Procedural default is not a jurisdictional bar to reviewing the merits of a claim, and "judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999).

at 690, 104 S.Ct. at 2066, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). The Court must indulge a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Hunter v. Bowersox*, 172 F.3d 1016, 1024 (8th Cir. 1999). In the context of a guilty plea, the Supreme Court has held that the "prejudice" requirement of the *Strickland* test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Boschee has enumerated 17 alleged errors by his lawyer, John Schlimgen ("Schlimgen"). When these allegations coincide with Boschee's allegations of prosecutorial misconduct or judicial error, the claims will be addressed together.

### 1. Admission of Exhibits 21, 25 and 26

Boschee's first ineffective assistance of counsel claim is that Schlimgen failed to object to Exhibit 21 (photos of child pornography found on Boschee's computer), Exhibit 25 (photos of Boschee cross-dressing as a female and wearing a red pet collar similar to the one he told the victim to wear), and Exhibit 26 (photo of someone wearing a gag similar to the one Boschee put on the victim). Boschee argues the exhibits were irrelevant and prejudicial. The government argues that the Federal Rules of Evidence do not apply to sentencing hearings, the admission of exhibits was within the Court's discretion, the exhibits did not affect the guideline calculations so counsel did not err, and the exhibits were not prejudicial.

A district court may consider any "information concerning the background, character, and conduct of a person convicted of an offense. . . for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The rules of evidence do not apply in the context of sentencing hearings, and the court has broad discretion in determining the types of information on which to rely for sentencing,

as long as the information is sufficiently reliable. *See United States v. Azure*, 596 F.3d 449, 454 (8th Cir. 2010). The government is correct that Exhibits 21, 25 and 26 did not affect the guideline calculations. Furthermore, the Court did not rely on Exhibit 25 or Exhibit 26 when arriving at the sentence for Boschee. Schlimgen's failure to object to the admission of Exhibits 25 and 26 was not unreasonable, and Boschee did not suffer any prejudice.

Exhibit 21 contains six child pornography photographs, three of which appear to be duplicates of the other three photographs. Agent Behan's testimony and report assured the reliability of the photographs. Possession of child pornography is a crime and it is probative of Boschee's "history and characteristics" and "the need . . . to protect the public from further crimes" by him. 18 U.S.C. § 3553(a)(1), (2)(C). To analyze the § 3553(a) sentencing factors, this Court was entitled to consider the photographs, and an objection by Schlimgen would have been overruled. Other evidence showed that Boschee possessed 465 child pornography images on his computer, as well as 13 movies of child pornography. The images in the six photos of Exhibit 21 were illustrative of those 465 images, and admission of the photographs did not prejudice Boschee.

For these reasons, Boschee's claim that his lawyer was ineffective for failing to object to Exhibits 21, 25 and 26 will be denied, as will his claims that the prosecutor should not have introduced the exhibits (prosecutorial misconduct claim 4), that the Court committed judicial error by allowing the exhibits into evidence (judicial error claim 3).

### 2. Guideline Provisions

Next, in claim 2 Boschee asserts that Schlimgen was ineffective for not arguing at sentencing that the Court should consider specific offender characteristics found in USSG §§ 5H1.10 (race, sex, national origin), 5H1.11 (military service), and 5H1.12 (lack of guidance as a youth). Because both 5H1.10 and 5H1.12 state that they are not relevant in the determination of a sentence, Schlimgen cannot be faulted for failing to argue in favor of applying those sections, and Boschee was not prejudiced. As for § 5H1.11, the Court was aware of Boschee's military service. It was described in some detail in the PSR, and the Court questioned Boschee about it at the sentencing hearing.

Nothing demonstrated that Boschee's military service was distinguishable to the extent that it would warrant a sentence lower than the guideline level, so Schlimgen's failure to argue in favor of applying 5H1.11 does not rise to constitutionally deficient representation as defined by *Strickland* and its progeny.

Boschee faults Schlimgen for not arguing for a downward departure from the guidelines based on USSG §§ 5K2.10 (victim's conduct), 5K2.13 (diminished capacity), and 5K2.20 (aberrant behavior). Those grounds for a departure were presented to the Court in objection 46 to the PSR. The Court considered the request for a downward departure on those grounds and rejected it on the record at the sentencing hearing. (ST at 368-69.)[5] The Court's decision not to downwardly depart was not due to Schlimgen's failure to argue for departure on those grounds at sentencing. There simply was no reason to depart. It was reasonable for Schlimgen to focus on other, more favorable legal arguments, and Boschee was not prejudiced by the performance of counsel.

### 3. Failure to Object to Court's Rulings

In claim 3 Boschee argues that Schlimgen should have objected to the Court's rulings on his downward departure requests. The request for a downward departure was duly noted by the Court. The Court understood it had discretion to downwardly depart but, after consideration, explicitly rejected the request for such a departure. Schlimgen was not required to object to the Court's rulings or to take any further action in order to preserve the record regarding this issue. Boschee is not entitled to relief on this claim.

### 4. Failure to Argue Sentencing Factors

Boschee alleges in claim 4 that Schlimgen failed to argue the § 3553 sentencing factors. This claim clearly lacks merit because Schlimgen did, in fact, argue the sentencing factors. (ST at 379-384.) The Court was fully aware of the factors and of its authority to vary upward or downward from the sentencing guidelines after the appropriate guideline range was determined. The Court

---

[5]Citations to the sentencing transcript will be referred to as "ST" followed by the appropriate page number.

explained on the record why an upward variance of 9 months was imposed, and reiterated this ruling in its written Statement of Reasons issued after the sentencing hearing. Schlimgen was not required to object to the Court's ruling on the variance, and relief on this claim will be denied.

### 5. Failure to Ask for Recommendation for Prison Facility

Schlimgen's failure to ask the Court to recommend placement as alleged in claim 5 is not constitutionally defective performance, and Boschee has not shown prejudice. Boschee does not have a constitutional right to placement at a particular Bureau of Prisons facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983). Placement decisions are made by the Bureau of Prisons. Although a district court may recommend the place of imprisonment, *see* 18 U.S.C. § 3621(b)(4), the district court's recommendation is not binding on the Bureau of Prisons, *see* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

### 6. Press Information

Claims 6 and 10 deal with press releases. Boschee argues his lawyer should have objected to government press releases that contained errors about Boschee's age and occupation,[6] and that his lawyer should have requested a "gag order" to prevent dissemination of private information. By the same token, Boschee claims the government violated his rights by releasing inaccurate information to the press.

Boschee's claim that he was harmed by information released to the press is unconvincing. The purpose of curtailing comments by the government on criminal cases is to avoid undue publicity that might unfairly prejudice a defendant. Boschee has not shown that any information was materially inaccurate. In any event, the Court got its information for sentencing purposes from the PSR and from the parties themselves, and not from press releases. Schlimgen's performance was not

---

[6]Although he had his Master's Degree in Library and Information Sciences, Boschee was working as a circulation assistant rather than as a librarian as indicated by the government.

constitutionally inadequate for failing to object or to request a gag order, and Boschee was not prejudiced by any press releases. As a result, relief will not be granted on these claims.

Furthermore, Boschee has failed to show the government violated his constitutional rights by virtue of information released to the press. His prosecutorial misconduct claims 1, 5 and 14 alleging that the government violated his rights by releasing inaccurate information to the press also will be denied.

### 7. Use of the word "child"

In claims 6, 7, 8 and 9 Boschee faults Schlimgen for not objecting to references to the victim as a "child." He claims the word "child" was used by the government in the indictment and in a press release to make Boschee's offense seem more serious and to make Boschee appear more dangerous. According to Boschee, the word "child" does not apply to his victim because she was 15 years old and he thinks "child" only legally applies to a person age 12 or under. Under South Dakota law, however, a person younger than 16 years old is a "child" for purposes of statutory rape. The title of SDCL § 22-22-7 is "Sexual contact with child under sixteen - - Felony or misdemeanor." The South Dakota Supreme Court has explained that the State's statutory rape statutes are meant to protect children:

> The fact that a fourteen-year-old gives "consent" to sexual intercourse is of no relevant consideration. The very premise underlying statutory rape is that children are incapable of "consenting" to voluntary sexual relations. Regardless of the perpetrator's mental capacity, or the underage victim's voluntary participation, the consequences for statutory rape can be enormous: Childhood pregnancies, abortions, venereal diseases, unwanted births, abuse and neglect, all flow from premature and irresponsible sex. Moreover, child victims of sex offenses often develop life long emotional problems.
>
>     \*   \*   \*   \*
>
> Crimes against children, especially sex offenses, have increased nationwide by epidemic proportions. Recognizing its pernicious impact, our Legislature in recent years has revised the law prohibiting statutory rape to reflect its accelerating concern with protecting children. In 1980 the law was amended to increase the penalty from ten to fifteen years and in 1984 amended again to raise the age of consent from fifteen to sixteen. See SDCL 22-22-1(5), 1980 S.L. ch. 175; 1984 S.L. ch. 167.

*State v. Bonner*, 577 N.W.2d 575, 583 (S.D.1998). In the present case, the offense of conviction cites and incorporates South Dakota law, SDCL §§ 22-22-1(5) and 22-22-7, and the operative age of the "child" is 16 years old under South Dakota law. Schlimgen was not deficient for failing to object to the word "child." Furthermore, the Court was aware of the victim's age and some of her other characteristics that were relevant to sentencing. The Court was not swayed by the word "child" when deciding Boschee's sentence, so Boschee suffered no prejudice. Accordingly, Boschee is not entitled to relief on this ground.

For the same reasons, the Court will deny relief on Boschee's other claims based on the use of the word "child," including claims 2 and 3 under prosecutorial misconduct and claim 4 under judicial error.

### 8. Failing to object to victim's prior statement

Boschee asserts in claim 11 that Schlimgen should have objected to admission of a prior statement by the victim. The Court assumes he is referring to Government Exhibit 33. Exhibit 33 is a report of an interview of the victim on February 26, 2007. The government explained at sentencing that it became aware of the statement just 10 days before sentencing, and immediately provided it to Schlimgen. (ST at 177.) The Federal Rules of Criminal Procedure cited by Boschee require the government to produce a witness statement *after* a witness has testified on direct examination at a sentencing hearing. *See* Fed.RCrim.P. 26.2(a), 32(i)(2). In this instance, the statement was produced 10 days prior to the witness' testimony at the sentencing hearing. An objection by Schlimgen would have been overruled because the rules were not violated and the report had sufficient indicia of reliability to be admitted into evidence at sentencing. Relief will be denied on this ineffective assistance of counsel claim, as well as on the claims made on this same basis in Boschee's prosecutorial misconduct allegation 13 and his judicial error allegation 2.

10

9. Failure to object to victim's perjured testimony

In claim 12, Boschee alleges his victim gave perjured testimony. Elsewhere in his pleadings, Boschee says the victim lied about not wanting to have sex with him. He argues that Schlimgen should have objected to this testimony.

In order to prove that the victim's testimony was perjured, Boschee must show that she gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1) ("Whoever ... willfully and contrary to [the] oath states or subscribes any material matter which he does not believe to be true ... is guilty of perjury....")). Applying these principles to the facts of this case, the Court finds that the Boschee's claim must fail.

First, under the facts of this case, the Court cannot find that the victim committed perjury. She clearly was impeached with regard to some sexual communications between her and Boschee. But memories can fade, especially with regard to dates, and the victim was only 15 years old at the time of the offense. Even though the Court found that the sexual contact was not forced upon her, the sexual activity obviously went further than the victim believed it would, and it appears that as time passed she wished she had not engaged in the conduct. The Court views the victim's testimony not as perjured, but as being clouded by the distaste she now feels about what happened with Boschee. It was reasonable for Schlimgen to impeach the victim's testimony rather than to object to it as perjured.

Second, even if, for the sake of argument, the victim lied on the stand about whether she wanted to have sex with Boschee, the allegedly perjured testimony was not prejudicial. The Court was fully aware of the victim's incentive to minimize her part in the sexual contact and weighed her testimony with particular care. Schlimgen successfully impeached the victim's credibility, revealing the voluntariness of her conduct and convincing the Court that Boschee did not use force.[7] The

---

[7]As at sentencing, the Court is careful to distinguish between voluntariness and consent. Being under the age of 16 at the time of the offense, the victim was unable to consent to the sexual

victim's testimony did not cause an increase in Boschee's sentence, and Boschee's twelfth claim of ineffective assistance of counsel lacks merit and will be denied.

Boschee also claims the government suborned perjury from the victim, encouraging her to lie on the stand. "To prove prosecutorial use of false testimony, a defendant must show that: (1) the prosecution used perjured testimony; (2) the prosecution should have known or actually knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict." *United States v. Funchess*, 422 F.3d 698, 701 (8th Cir. 2005) (citing *United States v. Peterson*, 223 F.3d 756, 763 (8th Cir. 2000)).

Boschee cannot satisfy these requirements because, as explained above, the victim did not provide willfully false testimony. In addition, there is no evidence the prosecutor knew or should have known the testimony was false. Finally, Boschee was not prejudiced by the testimony, as Schlimgen successfully impeached the victim's credibility on cross-examination.

To the extent Boschee is arguing that the prosecutor must have suborned perjury because the victim's testimony was impeached, that argument fails. *See United States v. Martin*, 59 F.3d 767, 770 (8th Cir. 1995) ("[A] challenge to evidence through . . . prior inconsistent statements [is] insufficient to establish prosecutorial use of false testimony.").

For these reasons, the Court rejects Boschee's allegation that the government suborned perjured testimony from the victim, as set forth in his prosecutorial misconduct claims 7, 8 and 12.

### 10. Failure to request grand jury testimony

Boschee asserts that Schlimgen was ineffective for failing to request grand jury testimony. He does not explain what testimony should have been requested, why the request should have been made, or how he suffered prejudice. Thus, Boschee is not entitled to relief on this claim.

---

acts with Boschee.

### 11. Failure to admit beneficial evidence

The fourteenth ineffective assistance of counsel allegation by Boschee is that Schlimgen "failed to admit as evidence items beneficial to Mr. Boschee's defense." Because Boschee does not explain what evidence Schlimgen should have admitted or how he was prejudiced by this failure, the Court cannot grant relief on this basis.

### 12. Failure to object to hearsay testimony at initial appearance

Boschee does not give the information necessary to obtain relief on this fifteenth claim. He does not indicate what testimony he claims should not have been allowed at his initial appearance, or how he suffered prejudice.

### 13. Compelling Boschee to waive right to speedy trial

According to Boschee's sixteenth ineffective assistance of counsel claim, Schlimgen compelled him to waive his right to a speedy trial in order to prepare an adequate defense after the government failed to produce discovery in a timely manner. No other details about this claim are provided. If, however, Schlimgen needed more time to prepare an adequate defense, it would have been reasonable for him to move for a continuance and to agree that the resulting delay would be excluded from the Speedy Trial Act computation. Boschee has not presented any evidence that Schlimgen's representation in this regard was unreasonable, or that he suffered prejudice by a delay of the proceedings. As a result, this ineffective assistance of counsel claim is without merit.

Boschee's prosecutorial misconduct claims made on this same ground also lack merit. In claims 9 and 10, Boschee asserts that the government violated his speedy trial rights by failing to deliver discovery in a timely manner, "compelling Mr. Boschee to waive said right in order for counsel to provide an 'adequate defense.'" (Doc. 1, p. 2.2.) Boschee does not describe what discovery the government did not timely disclose, or why he was entitled to discover the information. "There is no general constitutional right to discovery in a criminal case. . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). There is no basis for relief on these prosecutorial misconduct claims.

13

14. Failure to object to Court's guideline departure

In Boschee's seventeenth and final ineffective assistance of counsel claim, he argues that Schlimgen should have objected to the Court's departure because the Court had not given notice of a possible departure as required by Federal Rule of Criminal Procedure 32(h). As noted earlier in this opinion, the Court imposed a variance; it did not depart. Rule 32(h) does not require that a district court give notice of an upward variance. *United States v. Foy*, 617 F.3d 1029, 1035 (8th Cir. 2010) ("As the district court correctly noted, however, it was not required to provide advance notice of its intent to vary upwardly."). "Federal Rule of Criminal Procedure 32(h) 'provides that under certain circumstances the district court must give notice to the parties that it is contemplating a departure from the guidelines range. However, notice pursuant to Rule 32(h) is not required when the adjustment to the sentence is effected by a variance, rather than by a departure.'" *Id.* (quoting *United States v. Long Soldier*, 431 F.3d 1120, 1122 (8th Cir. 2005)). Because the Court imposed an upward variance, Rule 32(h) did not require that it give Boschee notice. As a result, Boschee's final ineffective assistance of counsel claim is rejected.

For these same reasons, Boschee's claim of prosecutorial misconduct for failing to object to a departure (claim 15), and his claim that the Court committed error by failing to give notice of an upward departure (claim 1), are also denied.

In summary, the Court finds no deficiency of counsel in this case. Boschee admitted that he was guilty of Count 2. Prior to the sentencing hearing, Schlimgen filed two sentencing memoranda and submitted 46 objections to the PSR for the Court to consider in deciding an appropriate sentence. Though Boschee takes credit for the objections to the PSR, his lawyer submitted them and many of them were granted. During Boschee's sentencing hearing which took place over the course of three days, Schlimgen made a number of arguments objecting to the PSR and in favor of a mitigated sentence. Counsel was well-prepared and his performance assisted Boschee in decreasing the sentencing guideline range from life down to 108 to 135 months. Boschee has not met the first prong of the *Strickland* test requiring representation below an objective standard of reasonableness.

14

Even if Boschee could overcome the strong presumption that Schlimgen's representation was reasonable, he has failed to show that he suffered any prejudice, the second part of the *Strickland* test. In order to establish prejudice in this instance, Boschee must show that, but for his counsel's error, he would not have entered a guilty plea. Boschee has failed to show any reason why he would have gone to trial and there is nothing in the record to indicate that Boschee would have gone to trial rather than plead guilty to Count 2 of the Indictment. The government's evidence against Boschee was strong. Counsel's performance decreased his sentence. Simply put, Boschee has not demonstrated prejudice, and he is entitled to no relief on his ineffective assistance of counsel claims.

## B.    Prosecutorial Misconduct

"As a general rule, '[p]rosecutorial misconduct does not warrant federal habeas relief unless the misconduct infected the trial with enough unfairness to render [petitioner's] conviction a denial of due process.'" *Louisell v. Dir. of Iowa Dep't of Corrections*, 178 F.3d 1019, 1023 (8th Cir. 1999) (quoting *Roberts v. Bowersox*, 137 F.3d 1062, 1066 (8th Cir. 1998)). To violate due process, a prosecutor's conduct must be so egregious as to render a defendant's trial fundamentally unfair. *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002). The Court has addressed most of Boschee's prosecutorial misconduct claims above. The remaining allegations in claims 6 and 11 will be addressed below.

### 1. Failure to correct untrue information in PSR

In claim 6, Boschee alleges that the prosecutor did not correct untrue and misleading information in the PSR as required by ABA Prosecution Standard 3-6.2(b).[8] The information Boschee refers to is the word "child" and the inappropriate use of an alias. ABA Prosecution Standard 3-1.1 explains that the ABA standards are only a guide to conduct; "[t]hey are not intended to be used as criteria for the judicial evaluation of alleged misconduct of the prosecutor to determine

---

[8]Standard 3-6.2(b) provides, in part: "The prosecutor should disclose to the defense and to the court at or prior to the sentencing proceeding all unprivileged mitigating information known to the prosecutor. . . . " Standard 3-6.2(a) states that the prosecutor "should take steps to present the complete and correct information to the court and to defense counsel" if incompleteness or inaccuracies in the PSR come to the prosecutor's attention.

the validity of a conviction. They may or may not be relevant in such judicial evaluation, depending upon all the circumstances." ABA Prosecution Function Standard 3-1.1.

Even if the law requires a prosecutor to correct erroneous information in a PSR, there is nothing in the record to show the prosecutor should have corrected something in Boschee's PSR. There is no basis to believe that, when Boschee was sentenced, the Court was acting under a mistaken premise because of something in the PSR. The Court has already explained that the use of the word "child" was not an error because those under the age of sixteen are considered children for purposes of South Dakota's statutory rape laws, and the victim here was under sixteen. In addition, listing Boschee's legal name, "David Michael Boschee," as an alias in the PSR, left uncorrected by the prosecutor, does not require the Court to vacate Boschee's sentence. Boschee's second objection to the PSR noted that his actual name is David Michael Boschee and it is not an alias. At sentencing, the Court agreed with Boschee. He is not entitled to relief on claim 6 of his prosecutorial misconduct claims.

### 2. Abuse of discretion in charging and investigation

The eleventh prosecutorial misconduct claim is that the government abused its discretion in its choice of charging statutes and guideline provisions, and failed to investigate the case with due diligence.

It is well established that prosecutors have broad discretion in charging decisions. *See United States v. Jacobs*, 4 F.3d 603, 604 (8th Cir. 1993). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." *Id.* (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

The offense of conviction has an element of enticement not found in statutory rape statutes. 18 U.S.C. § 2422(b) requires that a defendant "persuades, induces, entices, or coerces" a minor to perform illicit sexual activity. *See* 18 U.S.C. § 2422(b). Boschee asserts that, had the government

16

done a thorough case investigation, the government would have known the victim enticed Boschee and not the other way around.  In support of this argument, Boschee states:

> 1) It was [the victim] who introduced sex as a topic of conversation into our discussions, as the court, perhaps reluctantly, agreed;
> 2) It was also [the victim] who proposed we share my hotel room and a bed therein;
> 3) It was [the victim] who lied to her mother about where she would be that weekend, and engaged her friend Ana as chauffeur, chaperone, and alibi;
> 4) [The victim] made the decision to come to the hotel and to stay at the hotel;
> 5) and perhaps most important of all, it was she who asked me "to sleep with" her, not the other way around, as usually happens.

(Doc. 1, p. 4.23.)  Even if these facts are accurate, Boschee overlooks all of the evidence showing he solicited the victim in violation of 18 U.S.C. § 2422(b).  Based on the facts set forth in the PSR and the facts discussed in open court, the government did not abuse its discretion in charging Boschee under 18 U.S.C. § 2422(b).  It is more likely than not that a jury would have convicted Boschee.  In fact, Boschee's conceded conduct alone satisfies the elements of the crime and makes it difficult to conceive of a jury not convicting him.[9]

Boschee claims that he could not have both enticed the victim as charged in the Indictment and also forced her to have sexual contact with him as the government argued at sentencing.  He believes that enticement and force are mutually exclusive.  The facts, however, could show both.  In the present case, Boschee did persuade or entice the victim to have sex with him.  In addition, the victim testified and Boschee admitted that he spanked, bit, restrained and gagged her, so it was not unreasonable for the prosecutor to believe that some of the sexual activities that occurred in the hotel room may have been forced, which would have justified an enhancement of Boschee's sentence.  The Court's ultimate rejection of the government's argument that Boschee used force does not mean it was malfeasance for the prosecutor to make the argument for purposes of sentencing.

---

[9]Some facts evidencing Boschee's persuasion or enticement of the victim to engage in sexual activity include sending gifts to her, sending numerous sexually explicit emails, instructing her on how to masturbate, and letting the victim know, prior to his travel to Sioux Falls, that he wanted to have sex with her when they met.

Boschee seems to argue that, because the victim's testimony about use of force was impeached at sentencing, and because the prosecutor should have known from the beginning that the victim lied about not wanting to have sex with Boschee, the government should have charged him only with statutory rape. Use of force, however, is not an element of the crimes charged, and the government would not have been required to prove it at trial in order to obtain a guilty verdict.[10] The charging statutes were appropriate.[11]

In summary, the Court finds nothing that amounted to prosecutorial misconduct in this case, and Boschee's prosecutorial misconduct claims must be denied.

## C.   Judicial Error

Boschee has three remaining judicial error claims which were not addressed above. Claims 5 and 7 relate to the sentencing guidelines, and claim 6 alleges the Court failed to consider unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6).

### 1. Sentencing guidelines

The Court rejects Boschee's allegations in claim 5 that the PSR did not include all applicable guidelines and that it failed to identify any basis for departure. The PSR writer identified the applicable guidelines and discussed a basis for an upward departure. Boschee and Schlimgen

---

[10]Use of force was relevant at sentencing only because various enhancements would have applied had the Court found Boschee used force. The sentencing guidelines' enhancements are separate from the elements of the crime, and they are tailored to recognize different harms that may attend a criminal act. For example, in any case involving a violation of 18 U.S.C. §2422(b), the statute of conviction in this case, the unlawful sexual activity can take place even if the victim voluntarily participates. The sentencing guidelines provide the court with the flexibility to apply a force enhancement if the sex acts were not voluntary, depending on the facts. The force enhancement is not mandatory.

[11]The government could have brought additional charges against Boschee, including possession of child pornography.

18

responded to the PSR, and included grounds for a downward variance and departure. There was no error in regard to the PSR, and this claim will be denied.

Boschee's assertion in claim 7 that the Court summarily dismissed guideline provisions raised in his objections to the PSR is also denied. The Court carefully considered all objections raised by Boschee and Schlimgen.

### 2. Sentencing factor under 18 U.S.C. § 3553(a)(6)

In claim 6, Boschee asserts that this Court failed to consider, under 18 U.S.C. § 3553(a)(6), the need to avoid unwarranted sentence disparities.

The Court is well aware that it must consider all of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). The Eighth Circuit has explained that sentencing courts need not "categorically rehearse each of the § 3553(a) factors on the record as long as it is clear that the court considered those factors." *United States v. Hernandez*, 518 F.3d 613, 616 (8th Cir. 2008). Nor is the sentencing court required to make specific findings on the record about each § 3553(a) factor. *See United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). "[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." *Id.* "If a district court references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." *Id.* at 1111 (internal quotation and citation omitted). At numerous times during Boschee's sentencing hearing, the Court discussed the § 3553(a) factors. The Court listened to and considered each of Boschee's arguments regarding the factors, including the one Boschee alleges was not considered. (ST at 382-83) (Schlimgen argues the Court should consider sentencing disparities.)

Even though Court did not specifically cite § 3553(a)(6), the record shows it evaluated that factor. The Court discussed the disparity between the range of punishment in Boschee's case compared to the typical statutory rape cases seen by this Court. As the Court explained at sentencing:

> [T]he typical statutory rape case that this Court gets is one from the reservation, because South Dakota is a non-public law 280 state, which means when those offenses are on the reservation then they come to Federal Court, so normally those are the only statutory rape cases the Court sees and those are cases where usually there is a small difference in age between a 15 year old girl say and a 18 year old boy, and they are romantically engaged usually, and those are the typical cases that we get. *This case is not typical, and the offense by comparison in terms of the maximum punishment. And the range of punishment is not typical of those cases either*, because in those cases I am referring to the prosecution uses discretion in the Court's experience in how those are charged, if they are charged at all. In this one, since we spent a lot of time on it, I am going to spend a bit of time explaining the Court's thoughts and what the Court is going to do.

(ST at 386) (emphasis added). Furthermore, research done by the Court in preparation for Boschee's trial and sentencing included cases involving violations of 18 U.S.C. § 2422(b), and the Court was aware of sentences imposed in those cases. *See, e.g., United States v. Spurlock*, 495 F.3d 1011 (8th Cir. 2007) (affirming sentence of 168 months' imprisonment on each of three counts charging the defendant with violating 18 U.S.C. § 2422(b), even though the defendant conversed only with an undercover agent and not an actual minor victim). Simply put, the Court considered all of the § 3553(a) factors in its sentencing decision, and Boschee is not entitled to relief on his sixth claim of judicial error.

Boschee argues that this Court should have considered the disparity between his sentence and sentences imposed in state court for statutory rape by other defendants. It is well settled that "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), refers only to disparities among *federal* defendants. It would have been error for this Court to consider potential federal/state sentencing disparities under § 3553(a)(6). *United States v. Jeremiah*, 446 F.3d 805, 807-08 (8th Cir. 2006) ("Unwarranted sentencing disparities among federal defendants remains the only consideration under § 3553(a)(6) - - - both before and after *Booker*.").

In summary, although Boschee disagrees with this Court's ultimate sentence, there is no indication that the Court committed an error in sentencing him. *Gall*, 552 U.S. at 51 (listing possible

20

procedural errors).  The Court properly calculated the advisory guidelines range, considered the guidelines, but did not treat them as mandatory or presume them reasonable, carefully considered the § 3553(a) factors, selected a sentence based on those factors and the facts of the case, and fully explained the reasons for the sentence.  In light of all of these considerations, Boschee's request for relief for judicial error will be denied.

Evidentiary Hearing and Certificate of Appealability

If the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing.  *See Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012).  There is no need for an evidentiary hearing in this case because it is clear from the record that Boschee's claims do not warrant relief under 28 U.S.C. § 2255.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability.  Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Boschee has not made a substantial showing of the denial of a constitutional right.  Accordingly,

IT IS ORDERED:

(1)     That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, is denied.

(2)     That a Certificate of Appealability shall not issue on the claims raised in the § 2255 motion.

21

Dated this 27th day of March, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

22