UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**MAR 21 2014**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DAVID BOSCHEE, | \* | CIV 09-4135 |
| | \* | CR 07-40014 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | ORDER |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

David Boschee ("Boschee"), pleaded guilty to using the internet to entice a child to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b) and SDCL 22-22-1(5) and 22-22-7. He is serving a sentence of 144 months imprisonment. On September 4, 2009, Boschee filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, claiming prosecutorial misconduct, ineffective assistance of counsel at various stages of his case, and judicial error. Boschee's claims were set forth in his eighty-seven page habeas petition, which included attachments. The Court denied the motion to vacate in a Memorandum Opinion and Order issued on March 27, 2013.

Boschee did not move to seal any documents filed in his § 2255 proceedings until March 3, 2014. (Doc. 61.) It appears he thought the case was sealed until recently when he found this Court's Memorandum Opinion denying his motion while he was doing research in the prison law library.[1] (*Id.*) Boschee now requests that his § 2255 motion and other documents in the file be sealed because there is "inherent danger" to him "in having that information out there for any other prisoner to see. . . ." (*Id.*)

---

[1] Petitioner mistakenly believes that his criminal case, and his recent Eighth Circuit appeal involving his motion for return of his computer in his criminal case, are sealed. The criminal case and the Eighth Circuit appeal are not sealed. Rather, certain documents filed in the criminal case are sealed or redacted in order to protect the child victim and confidential information, and the Eighth Circuit entered an order to assure protection of such information on appeal.

The Supreme Court has recognized a First Amendment and common law right of public access to court proceedings and records. *See, e.g., Press–Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). Public access to judicial proceedings and records is essential to the proper functioning of the criminal justice system, *Press–Enterprise*, 478 U.S. at 12, and serves other important purposes such as promoting respect for the justice system and acting as a watchdog over judicial proceedings. *Id.*; *Nixon*, 435 U.S. at 598.

The right of public access, however, is not absolute, and the Supreme Court has recognized the supervisory power of every court over its own records and files. *Nixon*, 435 U.S. at 598. The decision to seal or unseal a court document is left to the sound discretion of the Court, "a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)). In this case, Boschee has requested that his § 2255 case be sealed so that he can avoid harm, but he has provided so little information that he cannot overcome the presumption in favor of public access to court documents. Thus, the motion to seal will be denied. Accordingly,

IT IS ORDERED that the motion to seal, doc. 61, is denied.

Dated this 21st day of March, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY